**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-6245

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ARTHUR EDWARD WILLIAMSON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry M. Herlong, Jr., District Judge. (CR-02-324; CA-05-1494-8)

Submitted: June 15, 2006          Decided: June 20, 2006

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Arthur Edward Williamson, Jr., Appellant Pro Se. Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Arthur Edward Williamson, Jr., seeks to appeal the district court's oral order denying his motion to reconsider under Fed. R. Civ. P. 60(b)(2) in his underlying 28 U.S.C. § 2255 (2000) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Williamson has not made the requisite showing.

Additionally, we construe Williamson's notice of appeal and informal brief on appeal as an application to file a second or successive motion under 28 U.S.C. § 2255. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court

- 2 -

to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2000). Williamson's claims do not satisfy either of these conditions. We therefore deny authorization to file a successive § 2255 motion. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED